UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT CARTAGENA,

                                        Plaintiff,              9:25-CV-0504
                                                                (GTS/TWD)
                 v.

SUPERINTENENT D. UHLER, et al.,

                                        Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

ROBERT CARTAGENA
Plaintiff, pro se
14-A-2130
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

        Pro se plaintiff Robert Cartagena ("plaintiff") commenced this action by filing a

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").  Plaintiff,

who is presently confined at Upstate Correctional Facility ("Upstate C.F.") also filed an

application to proceed in forma pauperis ("IFP") (Dkt. No. 6), a motion for preliminary

injunctive relief (Dkt. No. 3), and a motion for counsel (Dkt. No. 4).

## II.     IFP APPLICATION[1]

_____
[1]  On April 23, 2025, plaintiff's first IFP Application (Dkt. No. 2) was denied as incomplete.  Dkt. No. 5.  On May
1, 2025, plaintiff filed a second IFP Application (Dkt. No. 6) and inmate authorization form (Dkt. No. 7).

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) *and Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of plaintiff's IFP Application, the Court finds that plaintiff has demonstrated sufficient economic need and filed the inmate authorization form required in the Northern District of New York.  Dkt. No. 7.  Plaintiff's IFP Application (Dkt. No. 6) is granted.

## III.    DISCUSSION

### A.  Governing Legal Standard

Having found that plaintiff meets the financial criteria for commencing this action IFP, and because plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii)

---

[2] Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(g).  The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  *See* http://pacer.uspci.uscourts.gov.  It does not appear from that review that plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal.  *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009).

The Court will construe the allegations in the complaint with the utmost leniency.  *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

## B.  Summary of the Complaint

The following facts are set forth as alleged by plaintiff in his complaint.

On February 3, 2025, plaintiff arrived at Upstate C.F.  Compl. at 2.  On February 4, 2025, defendant Sergeant N. Locke ("Locke") searched plaintiff's cell and confiscated pens, legal documents, papers, envelopes, and grievances.  *Id*.  As a result, plaintiff was not able to "exercise his First Amendment" rights.  *Id*.

On  February 14, 2025, defendant Officer AU Martin ("Martin") refused to "feed [plaintiff] chow."  Compl. at 2.  On the same day, Locke confiscated plaintiff's clothes, stripped plaintiff to his "boots and boxers," and placed plaintiff in a cell without a mattress, bedding, or running water.  *Id.*  As a result, plaintiff was unable to sleep and "went to OBS for suicidal thoughts."  *Id.*  Plaintiff was forced to "eat snow for hydration" and was not able to shower or brush his teeth until March 15, 2025.  *Id.*

On several occasions, plaintiff asked defendant Sergeant Newtown ("Newtown") about his personal property. Compl. at 2-3. Newtown shook his head and said he "did not know the status." *Id*. at 3.

From February 3, 2025 until April 14, 2025, plaintiff was forced to wear the same boxers, socks, and state issued "greens". Compl. at 3. During this time, plaintiff was also denied law library and notary services. *Id.* As a result, plaintiff "believes" he missed a deadline set forth by the Appellate Division for his "440.10 motion." *Id.*

Plaintiff claims defendant Superintendent D. Uhler ("Uhler") threatened him "for exercising [his] First Amendment [rights]." Compl. at 3. Plaintiff sent letters to Uhler regarding the law library issues, but Uhler failed to respond. *Id.*

Plaintiff alleges he is experiencing inhumane conditions and violations of his constitutional rights in retaliation for his "assault claim on the same facility on 2-13-23." Compl. at 3.

Construed liberally[3], the complaint contains the following: (1) Fourth Amendment claims related to a cell search; (2) Eighth Amendment claims related to his conditions of confinement; (3) Eighth Amendment claims related to verbal harassment and threats; (4) Fourteenth Amendment property claims; (5) First Amendment claims related to plaintiff's right to file complaints and grievances; (6) First Amendment retaliation claims; and (7) First Amendment access-to-court claims. *See generally* Compl. Plaintiff seeks compensatory

---

[3] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. S*ee, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

damages, declaratory relief, and injunctive relief.  *See id*. at 1, 3.  For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

### C.  § 1983 Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp*., 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983."  *Wright v. Smith*, 21 F.3d 496,501 (2d Cir. 1994).  As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983.  *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").  To prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered."  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  This is true even for supervisory officials.  *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability.").  "[A] plaintiff must plead and prove 'that each Government-official

defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' " *Id.* (quoting *Iqbal,* 556 U.S. at 676).

### 1.  Fourth Amendment

Construing the complaint liberally, plaintiff claims that Locke violated his constitutional rights when he illegally searched plaintiff's cell.  The Fourth Amendment protects an individual's right "to be secure in [his or her] persons, houses, papers, and effects, against unreasonable searches and seizures[.]"  U.S. CONST. amend. IV.  Searches and seizures may be conducted if there exists probable cause to believe that a crime has been committed and that evidence of that crime is present on the person or premises to be searched.  However, the Fourth Amendment is inapplicable to the unwarranted search of an inmate's prison cell, as inmates have no reasonable expectation of privacy in such a place.  *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *Demaio v. Mann*, 877 F.Supp. 89, 95 (N.D.N.Y. 1995) ("Searches of prison cells, even arbitrary searches, implicate no protected constitutional rights.") (citations omitted).

Consequently, plaintiff's Fourth Amendment claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2.  Eighth Amendment - Conditions of Confinement

While the United States Constitution " 'does not mandate comfortable prisons,' . . . neither does it permit inhumane" treatment of those in confinement.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"To demonstrate that the conditions of his confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test."  *Jolly v.*

*Coughlin*, 76 F.3d 468,480 (2d Cir. 1996) (citation omitted).  To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result 'in unquestioned and serious deprivations of basic human needs.' "  *Id*. (citation omitted).  "[T]he inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."  *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted).

With respect to the subjective element, plaintiff must "demonstrate that the defendants imposed those conditions with 'deliberate indifference.' "  *Jolly,* 76 F.3d at 480 (citation omitted).  To constitute deliberate indifference, "[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety."  *Walker*, 717 F.3d at 125.

### a.  Martin

Plaintiff claims Martin refused to "feed" plaintiff on February 14, 2025.  Compl. at 14.  However, the complaint lacks facts related to whether plaintiff missed meals, how many meals he missed, or whether he was deprived entirely of food for any period of time.  While "a substantial deprivation of food may well be recognized as being of constitutional dimension," *Robles*, 725 F.2d at 15, numerous courts have found that the mere allegation that an inmate was denied one meal does not give rise to a cognizable Eighth Amendment claim.  *See Johnson v. Gagnon*, No. 9:14-CV-0916 (MAD/DEP), 2015 WL 1268199, at *11 n.10 (N.D.N.Y. Mar. 19, 2015) (dismissing the plaintiff's conditions of confinement claim where plaintiff alleged he missed a single meal); *Konovalchuk v. Cerminaro*, No. 9:11-CV-1344 (MAD/CFH), 2014 WL 272428, at *21 (N.D.N.Y. Jan. 24, 2014) (dismissing the plaintiff's conditions of confinement claim where plaintiff alleged he missed two consecutive meals during a transport); *Gill v. Hoadley*, 261 F.Supp.2d 113, 129 (N.D.N.Y. 2003) (finding that complaint failed to state Eighth Amendment claim where prisoner alleged he was denied one

meal); *see also Crichlow v. Annucci*, No. 9:21-CV-0692 (DNH/TWD), 2022 WL 179917, at *19 (N.D.N.Y. Jan. 20, 2022) (dismissing Eighth Amendment claim because the pleading failed to allege how many times the plaintiff missed meals, or when the deprivations occurred, or whether the deprivation resulted in a danger to his health).

Even viewing the complaint in a light favorable to plaintiff as a pro se litigant, the complaint, the Eighth Amendment claim against Martin is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### b. Locke

Construing the complaint liberally, plaintiff claims that Locke confiscated plaintiff's clothes, stripped plaintiff to his "boots and boxers," and placed plaintiff in a cell without a mattress, bedding, or running water.  Id.  As a result, plaintiff was unable to sleep and "went to OBS for suicidal thoughts."  Id.  Plaintiff was forced to "eat snow for hydration" and was not able to shower or brush his teeth until March 15, 2025.  Id.

Plaintiff has not indicated how long he was confined to the cell without a mattress, bedding, or running water.  Moreover, while plaintiff claims he was forced to "eat snow" and not able to brush his teeth for approximately one month while in the "OBS for suicidal thoughts" and that he was forced to wear the same clothes for one month, the complaint lacks facts related to whether Locke, or any other named defendant, was responsible for plaintiff's confinement in OBS or responsible for the alleged conditions.

At this juncture, plaintiff's condition of confinement claims against Locke are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

### 3.  Eighth Amendment – Harassment and Threats

Verbal harassment and name calling, absent physical injury, are not constitutional violations cognizable under Section 1983.  *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (per curiam); *Aziz Zarif Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983") (quotation omitted); *Rosales v. Kikendall,* 677 F.Supp.2d 643, 648 (W.D.N.Y. 2010) ("In this Circuit, allegations of verbal harassment or threats are generally an insufficient basis for an inmate's § 1983 claim."); *see also Gill v. Hoadley*, 261 F.Supp.2d 113, 129 (N.D.N.Y. 2003) ("42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse.") (citation omitted); *Ruffino v. Murphy*, No. 09-CV-1287, 2010 WL 1444562 at *4 (D. Conn. Apr. 12, 2010) ("[D]istrict courts within the Second Circuit have held that allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under section 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner.").  "[T]he use of racial slurs or epithets reflecting racial prejudice, although reprehensible, does not form the basis of a claim pursuant to § 1983." *Baskerville v. Goord,* No. 97 Civ. 6413, 1998 WL 778396, at *7 (S.D.N.Y. Nov. 5, 1998) (citation omitted).

Here, plaintiff claims that Uhler threatened him.  *See* Compl. at 3.  However, plaintiff does not allege that he suffered any injury as a result of the alleged harassment.  *Best v. City of New York*, No. 11-CV-4475, 2012 WL 5458054, at *7 (S.D.N.Y. Nov. 8, 2012) ("Fear of assault, by itself, does not constitute a sufficiently serious injury to state a claim for failure to protect"); *Williams v. United States*, No. 07-CV-3018, 2010 WL 963474, at *16 (S.D.N.Y. Feb.

25, 2010) (concluding that allegation that corrections official threatened to "teach [plaintiff] a lesson," which was "not followed by any [alleged] physical acts," was "insufficient to state a constitutional violation"), *report and recommendation adopted by* 2010 WL 963465 (S.D.N.Y. Mar. 16, 2010).  Thus, as presently plead, the claims do not rise to the level of a constitutional violation.

### 4.  Fourteenth Amendment – Deprivation of Property

The Supreme Court has held that the negligent or intentional deprivation of prisoner's property may not be the basis for constitutional claims if sufficient post deprivation remedies are available to address the claim.  *Hudson v. Palmer,* 468 U.S. 517, 531 (1984) (citing Parratt v. Taylor, 451 U.S. 527, 541 (1981)); *Davis v. New York*, 311 Fed. App'x. 397, 400 (2d Cir. 2009) (An alleged loss of property, "whether intentional or negligent - will not support a due process claim redressable under § 1983 if 'adequate state post-deprivation remedies are available.' ") (quoting *Hudson*, 468 U.S. 533).  "New York in fact affords an adequate post-deprivation remedy in the form of, inter alia, a Court of Claims action."  *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001).  Because plaintiff has access to adequate state law remedies, he has not been deprived of property without due process of law and therefore cannot state a claim for relief pursuant to Section 1983.  *See Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983) (per curiam); *see also Shabazz v. Pico,* 994 F.Supp. 460, 473-74 (S.D.N.Y. 1998) (dismissing the plaintiff's claim that the defendants destroyed his property in violation of his due process rights).  For the reasons set forth herein, plaintiff's due process claims related to property loss are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.

### 5.  First Amendment Claim – Grievances and Complaints

Inmates do not have a constitutional right to state grievance programs. *See Shell v. Brzeniak*, 365 F.Supp.2d 362, 370 (W.D.N.Y. 2005) ("[I]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does [sic] not give rise to a cognizable § 1983 claim.").

Moreover, inmates do not have a due process right to an investigation requested through a grievance. *See DeShaney v. Winnebego Soc. Servs.*, 489 U.S. 189, 196 (1989) (The Due Process Clause "generally confers no affirmative right to governmental aid, even where that aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *Pine v. Seally,* No. 9:09-CV-1198 (DNH/ATB), 2011 WL 856426, at *9 (N.D.N.Y. Feb. 4, 2011) ("To the extent that plaintiffs attempt to assert a separate constitutional claim of 'failure to investigate,' the law is . . . clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials.") (citing *Bernstein v. New York*, 591 F.Supp.2d 448, 460 (S.D.N.Y. 2008) (collecting cases)); *Torres v. Mazzurca*, 246 F.Supp.2d 334, 341-42 (S.D.N.Y. 2003) (Inmates do not have a due process right to a thorough investigation of grievances).

Accordingly, plaintiff's First Amendment claims against Locke related to his right to file grievances are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 6. First Amendment – Retaliation

To state a claim of retaliation under the First Amendment, an inmate must allege facts plausibly suggesting "the following: '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.' " *Gill v. Pidlypchak*, 389

F.3d 379, 380 (2d Cir. 2004) (quoting *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A*., 534 U.S. 506 (2002)).  The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official — even those otherwise not rising to the level of a constitutional violation — can be characterized as a constitutionally proscribed retaliatory act."  *Dawes*, 239 F.3d at 491.

Plaintiff's retaliation claims are dismissed for failure to state a claim.  Even assuming plaintiff engaged in protected conduct when he filed a "claim" for assault, he has not identified any adverse action taken by any named defendant in retaliation for that claim.  Moreover, he has not plead facts suggesting that any defendant was aware of plaintiff's protected speech, that any named defendant was involved in his "claim," or why any defendant would be motivated to retaliate against him based upon his claim.

Simply put, plaintiff's retaliation claims are conclusory and insufficient to warrant a response.  Accordingly, plaintiff's First Amendment retaliation claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 6.  First Amendment – Access to Court

In *Bounds v. Smith*, the Supreme Court held that access to the courts is a fundamental right that requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  430 U.S. 817, 828 (1977).  "However, that access is not unlimited, and prison officials may impose reasonable restrictions on the use of

13

prison law libraries." *Harris v. Keane,* 962 F.Supp. 397, 404–05 (S.D.N.Y. 1997) (citation omitted).

To state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating that (1) the defendant acted deliberately, and (2) the plaintiff suffered an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 353 (1996); *Konigsberg v. Lefevre*, 267 F.Supp.2d 255, 261 (N.D.N.Y. 2003) ("Prison officials may only be held liable for such injury if they frustrated or impeded a prisoner's efforts to pursue a non-frivolous legal claim.").

"A hypothetical injury is not sufficient to state a claim for violation of the right of access to the courts." *Amaker v. Haponik,* No. 98-CV-2663, 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999). Instead, a plaintiff must demonstrate "actual injury" by establishing that the denial "hindered his efforts" to pursue a non-frivolous legal claim. *Lewis,* 518 U.S. at 349, 351-53 (noting that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense").

The Supreme Court has stated that, in order to allege a denial of access to the courts claim, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Christopher v. Harbury,* 536 U.S. 403, 415 (2002). The Supreme Court instructed that the underlying claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. at 415-16.

"Finally, . . . the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis,* 518 U.S. at 354. Rather, the injury must be to an inmate's ability "to attack [his] sentence[ ], directly or collaterally, [or] ... to challenge the conditions of [his]

confinement." *Id.* at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*

Construing the complaint liberally, plaintiff claims he was denied law library and notary services. Compl. at 3. Initially, the Court notes that plaintiff has not identified any defendant as personally involved in the decision to deny plaintiff said services. Even assuming he had, the complaint lacks facts suggesting that plaintiff was unable to comply with the court orders or that he suffered any "actual injury" in a legal action. Plaintiff's reference to possible missed deadlines and a 440 motion does not satisfy the pleading requirements and lacks sufficient factual information related to the procedural posture of his legal action to warrant a response. To the extent that plaintiff intended to assert a First Amendment claim related to his access to the courts against Locke based upon Locke's decision to confiscated writing material, the claim suffers from the same infirmities.

Accordingly, plaintiff's First Amendment access-to-court claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## IV.    LEAVE TO AMEND

In light of his pro se status, the Court will afford plaintiff the opportunity to file an amended complaint if he desires to proceed with this action. Any such amended complaint, which shall supersede and replace in its entirety the previous complaint filed by plaintiff, must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if plaintiff claims that his civil and/or

constitutional rights were violated by more than one defendant, or on more than one

occasion, he should include a corresponding number of paragraphs in his amended

complaint for each such allegation, with each paragraph specifying (i) the alleged act of

misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and

every individual who participated in such misconduct; (iv) where appropriate, the location

where the alleged misconduct occurred; and, (v) the nexus between such misconduct and

plaintiff's civil and/or constitutional rights.

## V.    MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff moves for an order directing defendatns to "refrain[] from harassing [and]

violation [his] constitutional rights."  Dkt. No. 3.

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should

not be granted unless the movant, by a clear showing, carries the burden of persuasion."

*Moore v. Consol. Edison Co. of New York, Inc.,* 409 F.3d 506, 510 (2d Cir. 2005) (quoting

*Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)).  "[T]his circuit has required a party seeking

a preliminary injunction to show: (a) irreparable harm and (b) either (1) a substantial

likelihood of success on the merits of the claim, or (2) sufficiently serious questions going to

the merits to make them a fair ground for litigation and a balance of hardships tipping

decidedly toward the party requesting the preliminary relief."  *Citigroup Global Mkts., Inc. v.*

*VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35, 38 (2d Cir. 2010) (internal

quotation marks omitted).  However, when the moving party seeks a "mandatory injunction

that alters the status quo by commanding a positive act," the burden is even higher.  *N.Y.*

*Civil Liberties Union v. N.Y. City Transit Auth.,* 684 F.3d 286, 294 (2d Cir. 2011).  Thus, a

mandatory preliminary injunction "should issue only upon a clear showing that the moving

party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).  "The district court has wide discretion in determining whether to grant a preliminary injunction."  *Moore,* 409 F.3d at 511.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint."  *Levesque v. Clinton County,* No. 10-CV-787 (DNH/DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (citing i*nter alia Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (holding that a preliminary injunction may not be issued to prevent an injury or harm which was not caused by the wrong claimed in the underlying action); s*ee also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" him).

Here, as plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success of show that extreme or very serious damage would result in the absence of the requested relief.  *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

Construing plaintiff's motion in the light most favorable to him as a pro se litigant, the Court finds that he has failed to substantiate any allegations of irreparable harm with evidence in admissible form.  At this juncture, plaintiff has failed to assert any viable cause of

action and all allegations in the complaint have been dismissed.  Moreover, in his motion for injunctive relief, plaintiff fails to provide any specific facts establishing the likelihood of success on the merits or extreme or serious damage.

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied.

VI.    MOTION FOR COUNSEL

Plaintiff moves for assignment of counsel.  *See* Dkt. No. 4.

Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel.  S*ee, e.g., United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981).  However, pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party.  28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel.").  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, No. 93-CV-1449 (TJM)

899 F.Supp. 972, 974 (N.D.N.Y. Oct. 16, 1995) (citing *Hodge*, 802 F.2d at 621). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

Since plaintiff has failed to establish that his claim is likely to be of substance, the Court denies his motion for appointment of counsel without prejudice. After the Court has accepted an amended complaint for filing, defendants have responded to the allegations in plaintiff's amended complaint, and the parties have undertaken discovery, plaintiff may choose to file a new motion for appointment of counsel, at which time the Court may be better able to determine whether such appointment is warranted in this case. Plaintiff is advised that any future motion for appointment of counsel must be accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector. *See Terminate Control Corp.*, 28 F.3d at 1341; *Cooper,* 877 F.2d at 172, 174. Thus, plaintiff's motion for the appointment of counsel is denied without prejudice.

**VII.    CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 6) is **GRANTED**.[4]  The Clerk shall provide the superintendent of the prison facility in which plaintiff is currently confined with a copy of plaintiff's inmate authorization form and notify the official that this action has been

---

[4]  Plaintiff should note that, although his IFP application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

filed and that plaintiff is required to pay the entire statutory filing fee $350.00 pursuant to 28 U.S.C. § 1915;[5] and it is further

      **ORDERED** that the Clerk shall provide a copy of plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is further

      **ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above within thirty (30) days from the date of the filing of this Decision and Order; and it is further

      **ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

      **ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that the action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order.  In that event, the Clerk is directed to close this case; and it is further

      **ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 3) is **DENIED**; and it is further

      **ORDERED** that plaintiff's motion for counsel (Dkt. No. 4) is **DENIED**; and it is further

      **ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

---

[5]  While Section 1915 permits indigent litigants to commence a civil action in federal court without prepayment of the filing fee, those litigants "must subsequently pay the fee, to the extent [they are] able to do so, through periodic withdrawals from [their] inmate accounts."  *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris*, 607 F.3d at 21).

Dated: June 25, 2025
         Syracuse, New York


Glenn T. Suddaby
U.S. District Judge